UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEON ERICK WILLIAMS,

    Petitioner,

Case No. 8:12-CV-1988-T-24MAP
          8:06-CR-110-T-24MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1; Cr-D-168), and motion styled "Request for Production of Documents as an Indigent in Order to Fully and Fairly Litigate his Motion Filed Pursuant to Title 28 U.S.C. § 2255" (Cv-D-2). Because review of "the motion and the files and records of the case conclusively show that the [Petitioner] is entitled to no relief," the Court will not cause notice of the motion to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255(b).

Petitioner was charged on June 15, 2006, in a Superseding

Indictment with conspiracy to possess with the intent to distribute five (5) kilograms of more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count One), attempting to possess with the intent to distribute five (5) kilograms of more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (Count Two), carrying a firearm during and relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count Three), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count Four). On June 17, 2006, the Government filed a Notice of Prior Conviction indicating that Petitioner had a prior felony drug conviction and putting Petitioner on notice that he was subject to enhanced penalties under 21 U.S.C. §§ 841(b)(1)(A) and 851. Specifically, Petitioner was subject to a mandatory minimum of 20 years as to Counts One and Two. On October 10, 2006, Petitioner entered a straight up guilty plea as to all four charges. The Court adjudicated him guilty on November 13, 2006.

On February 20, 2007, the Court sentenced Petitioner to 240 months as to Counts One and Two, 60 months as to Count

Three to run consecutive, and 120 months as to Count Four. Petitioner did not appeal.

On August 28, 2012, the Court received Petitioner's § 2255 motion. Petitioner appears to contend that his guilty plea was not knowing and voluntary as he was not instructed that drug type and quantity were elements that would determine his minimum and maximum sentence when he entered his guilty plea. He contends that had he been informed, he would have never pled guilty and would have proceeded to trial.

Petitioner seeks copies of transcripts of his guilty plea and sentencing hearing, the docket sheet, the Presentence Investigation Report, and the judgment and commitment order. Petitioner. Petitioner claims the documents and transcripts he requests are necessary for him to "further litigate his claim and additional claims...."

## DISCUSSION

There is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions attacking sentence in federal courts. 28 U.S.C. §§ 2244(d)(1), 2255. Unless one of the three exceptions applies

as provided in § 2255 (2)-(4), the statutory period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). Where the defendant does not pursue a direct appeal, his conviction becomes final when the time expires for filing a direct appeal. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).

Petitioner's conviction became final on March 7, 2007, when his time to file a notice of appeal of the judgment expired.[1] He had one year from that date, until March 7, 2008, to file a § 2255 motion. Therefore, unless he can show one of the exceptions applies, Petitioner is time-barred because he filed the instant § 2255 motion on August 27, 2012, which is clearly past the one-year deadline from the date on which his conviction became final.

Petitioner contends that his motion is timely under § 2255(f)(4) because he filed it within one year of the Supreme Court's decision in Dorsey v. United States, 132 S.Ct. 2321 (2012) The section Petitioner relies on states that the one-

---

[1] At the time of Petitioner's sentencing, a notice of appeal had to be filed within 10 days after the entry of the judgment. Fed.R.App. P. 4(b)(1)(A)(1) (2007). The Court entered the Judgment in a Criminal Case on February 21, 2007. (Cr-D-118.)

4

year limitations period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(4).

First, "the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period." Madaio v. United States, 397 Fed. Appx. 568, 570 (11th Cir. 2010) (per curiam).[2] Second, Petitioner's reliance on Dorsey is misplaced. Dorsey determined that the Fair Sentencing Act applies to defendants convicted of crack cocaine offenses whose conduct took place before but whose sentencings took place after the effective date for the FSA. Petitioner was not convicted of any crack cocaine offenses and, as a result, Dorsey is not applicable in this case.[3]

Finally, Petitioner has not demonstrated the facts

---

[2] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." CTA11 Rule 36-2.

[3] Petitioner cannot rely on 28 U.S.C. § 2255(f)(3), which provides the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review," as Dorsey has no application to this case nor has it been held to be retroactive on collateral review.

supporting his claim could not have been discovered earlier through the exercise of due diligence. As such, Petitioner's motion is untimely, and the Court lacks jurisdiction to consider the claim presented.

Alternatively, even if the motion were timely, Petitioner's claim is belied by the record. At the guilty plea hearing, the Magistrate Judge conducted an extensive colloquy with Petitioner.[4] He reviewed the charges and the elements of the offenses, along with the minimum and maximum penalties. He advised Petitioner of his right to a jury trial and that the Government would have to prove his guilt beyond a reasonable doubt. He warned Petitioner that he was facing at least a 25-year mandatory minimum sentence. Petitioner stated that he understood and that he wanted to plead guilty to the charges. In doing so, Petitioner admitted that the conspiracy and his attempt to possess with intent to distribute involved five kilograms or more of cocaine. As such, Petitioner would not be entitled to relief in any event.

---

[4] While the guilty plea hearing has not been transcribed, the Court reviewed the audio of the hearing.

Finally, Petitioner has not shown a need for the transcripts and documents he requests. Therefore, his request for copies is denied.

IT IS ORDERED that:

(1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1; Cr-D-168) is DISMISSED as untimely.

(2) Petitioner's motion styled "Request for Production of Documents as an Indigent in Order to Fully and Fairly Litigate his Motion Filed Pursuant to Title 28 U.S.C. § 2255" (Cv-D-2) is DENIED as unnecessary.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHERED ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the

denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this 9th day of October, 2012.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE